IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVE HIGGINBOTHAM,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:18-cv-01493

RED ROOF INNS, INC.

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's motion to vacate entry of default and to accept the filing of Defendant's Answer and Amended Answer on February 15, 2019 and February 20, 2019, respectively. (ECF No. 11.) For the reasons discussed more fully herein, the Court **GRANTS** the motion. (ECF No. 11.)

*I.    BACKGROUND*

This case arises out of an employment dispute between Plaintiff Steve Higginbotham ("Higginbotham") and his former employer Defendant Red Roof Inns, Inc. ("Red Roof") regarding Higginbotham's termination. (*See* ECF No. 1 at 1.) Higginbotham filed the present action in this Court on December 5, 2018, alleging that Red Roof terminated his employment as retaliation for Higginbotham taking leave in violation of the Family and Medical Leave Act of 1993 ("FMLA") and

the West Virginia Human Rights Act ("WVHRA"). (*See id.*) Service was accepted on behalf of Red Roof by the Secretary of State, Red Roof's statutory attorney-in-fact. (ECF No. 4.)

On February 13, 2019, Higginbotham filed a request for entry of default against Red Roof and attached an affidavit in support of that request. (ECF No. 5.) On February 15, 2019, the Clerk of this Court entered default against Red Roof pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 7.) Red Roof filed the present Motion to Vacate Entry of Default on February 22, 2019. (ECF No. 11.) Higginbotham timely responded to the motion, (ECF No. 12), and Red Roof timely replied, (ECF No. 13). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), when a party shows by affidavit that an opposing party has failed to plead or otherwise defend itself in litigation, the clerk of court must enter default against the opposing party. This Rule further provides, however, that district courts have the discretion to set aside an order of default "for good cause shown." Fed. R. Civ. P. 55(c). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted).

Courts should grant relief from a judgment of default "where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). Beyond reasonable promptness and a meritorious defense, courts also consider "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted).

## III.   DISCUSSION

In evaluating Red Roof's motion, the Court must address the above relevant factors. "In weighing and evaluating these factors, the Court must consider the "extensive line of decisions that [hold] Rule [ ] 55(c) . . . [should] be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-cv-00330, 2007 WL 4305606, at *2 (S.D. W. Va. Dec. 7, 2007) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969)). Thus, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

### A.   *Meritorious Defense*

"[A] 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727 (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)); *see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor."). Even a tenuous defense weighs in favor of granting a motion to set aside the default. *See Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994).

As stated above, Higginbotham asserts claims against Red Roof for discrimination/retaliation for Red Roof allegedly terminating Higginbotham because Higginbotham took FMLA leave. (*See* ECF No. 1.)   In its Amended Answer, Red Roof raises thirteen defenses to the Complaint, including failure to state a claim upon which relief can be granted and collateral estoppel. (*See* ECF No. 10 at 5–7.)   Additionally, in support of its present motion, Red Roof provided evidence in support of its

defense that it assert shows Higginbotham was not terminated for a retaliatory or discriminatory reason, but because Higginbotham allegedly failed to notify Red Roof he was taking FMLA leave after Red Roof had told him that he must do so. (*See* ECF No. 11 at 4–5; ECF No. 13 at 2.) If Red Roof proves any combination of these defenses, the jury could find in its favor. *See e.g.*, S*ettle v. S.W. Rodger Co. Inc.*, No. 98-2312, 1999 WL 486643, at *4 (4th Cir. July 12, 1999) ("As to Settle's retaliation claim under the FMLA, Settle failed to show that he was terminated on account of any assumed availment of his FMLA rights."). Thus, the Court finds that at this early stage in the litigation, Red Roof has adequately presented a meritorious defense that weighs in favor of setting aside the default.

  B. *Reasonable Promptness*

Courts assess whether a party's action is "reasonably prompt" in light of the facts and circumstances. *Moradi*, 673 F.2d at 727 (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). Red Roof filed its Answer on February 15, 2019, the same day of the Clerk's entry of default. (ECF No. 8.) Red Roof subsequently filed the present motion a week later on February 22, 2019. (ECF No. 11.) Thus, the Court finds that Red Roof acted with reasonable promptness upon receiving notice of the entry of default. *See Hanson*, 2007 WL 4305606, at *4 (finding that the defendant acted with reasonable promptness when it moved to set aside the default "merely six days after the clerk entered default"); *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (finding reasonable promptness where the period between the entry of default and the motion to vacate default was two weeks). Accordingly, this factor weighs towards vacating default.

  C. *Additional Factors*

As to personal responsibility, Red Roof asserts that its delay in answering the Complaint was due to an administrative error by local counsel in transferring the file to present counsel for representation. (*See* ECF No. 13 at 3.) Given that the present counsel bears little responsibility for this delay and acted with reasonable promptness in responding to the entry of default, this factor also weighs in favor of vacating default. *See Mezu v. Morgan State Univ.*, No. 09-cv-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." (quoting *Mobil Oil Co. de Venez. v. Parada Jiminez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993))).

Additionally, although Higginbotham summarily states that he suffered prejudice from Red Roof's delay in filing an answer, the Court is unaware of any actual prejudice to Higginbotham that did result from the delay or will result if the Court sets aside default against Red Roof. Red Roof contacted Higginbotham's counsel prior to the entry of default and asked for information regarding which hotel Higginbotham was employed at so that Red Roof could "move forward with the matter." (*See* ECF No. 12 at 1.) Red Roof also informed Higginbotham's counsel that it would be filing an answer prior to its actual filing. (*See* ECF No. 13 at 2.) Thus, Higginbotham could have reasonably anticipated that Red Roof would file an answer to the Complaint. Red Roof, however, would be prejudiced by being precluded from defending itself against Higginbotham's claims. *See, e.g.*, *Rosenberg v. Lexington Ins. Co.*, No. 4:08-cv-0529, 2009 WL 10677929, at *6 (D.S.C. Mar. 19, 2009) ("[Defendant], however, would be more severely prejudiced by being precluded from defending Plaintiffs' claims against it on the merits. In light of the clear policy of the federal rules to encourage the disposition of claims on their merits, [], this factor weighs in favor of vacating the entry of default.")

Lastly, there is no evidence currently before the Court indicating a history of dilatory actions by Red Roof and the Court agrees with Red Roof that no sanctions are warranted in light of the brief nature of the delay and Red Roof's reasonable promptness in responding to the entry of default. (*See* ECF No. 11 at 6.) Accordingly, these remaining factors weigh in favor of setting aside the entry of default against Red Roof.

As the *Payne* factors weigh in favor of vacating default, the Court **FINDS** that good cause exists under Rule 55 to set aside the entry of default in this matter.

### IV. CONCLUSION

For the reasons discussed more fully above, the Court **GRANTS** Red Roof's Motion to Vacate Entry of Default, (ECF No. 11), and **DEEMS** Red Roof's Answer and Amended Answer as filed on the date of the entry of this order, (ECF Nos. 8, 10). The Court further **DIRECTS** the Clerk to **VACATE** the entry of default.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 17, 2019

_____

THOMAS E. JOHNSTON, CHIEF JUDGE